MICHAEL MCKINNEY ET AL. *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 3—465.]

**Jury in Forfeited Recognizance Case.**

> In a trial to recover on a forfeited recognizance the defendant is entitled to demand that a jury try the issue presented.

**Delivery of Prisoner by His Bail.**

> To exonerate a bail his delivery of the prisoner to the jailer must be such as to give the jailer dominion over the accused and this can ordinarily only be done by putting the accused in the jail.

APPEAL FROM JACKSON CIRCUIT COURT.

November 26, 1881.

OPINION BY JUDGE HINES:

This was a proceeding upon a forfeited recognizance. To the rule issued against appellants, they, in substance, respond that they delivered the person for whom they were bail to the jailer of the county in which the proceedings were pending, and an issue being formed upon this, and the court refusing an application of appellants to allow a jury, a judgment was rendered against them, from which they appeal.

The Crim. Code (1876), § 86, provides that the bail may obtain from the clerk a certified copy of the bail bond, and surrender the accused with a copy of the bond to the jailer, and upon the jailer giving a written acknowledgment of the surrender the bail shall be exonerated. Section 94, Sub-sec. 3, regulating proceedings upon forfeited bail bonds, provides that no pleadings shall be required of the commonwealth until after the service of summons; then that "all subsequent proceedings shall be the same, as in ordinary civil actions."

The Civ. Code (1876), § 312, subsec. 2, reads: "Issues of fact in ordinary actions, except for injuries to person or character, shall be tried by the court, unless a jury trial be demanded by a party." It is clear that under these provisions appellants on demand, were entitled to a jury to try the issue presented. It was the province of the jury to find the facts, and the duty of the court to instruct them as to what constitutes a delivery in law. A delivery to the jailor so as to exonerate the bail must be such as to

give the jailer dominion over the accused, and this can ordinarily be done only by putting the accused in the apartment of the jail where prisoners are usually confined, and in doing this it is the duty of the bail to assist the jailer. Until the accused is in some way physically restrained of his liberty there is no such delivery as is contemplated by the statute. The receipt of the jailer is not essential to an exoneration of the bail, but it is the best evidence of the delivery and acceptance by the jailer, and might be given in evidence against him in a proceeding for suffering an escape.

Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.

*John L. Scott, for appellants.*

*P. W. Hardin, for appellee.*